UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTELLA LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-363 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Estella Lozano's ("Lozano") Motion to Remand (Doc. 5), as well as Defendant Scottsdale Insurance Company's ("Scottsdale") response (Doc. 6) and Lozano's reply (Doc. 7). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's Motion to Remand should be denied.

I.  Background and Relevant Facts

This is an insurance case. Plaintiff Lozano alleges her house at 11501 Seagram Street in Houston, Texas, sustained roof and water damage as a result of a windstorm on April 18, 2009. (Pl.'s Original Pet., Doc. 1-4 at 3.) Lozano's house was covered by a Texas homeowners' insurance policy (the "Policy") issued by Defendant Scottsdale. (*Id.*) After the storm, Lozano submitted a claim to Scottsdale. (*Id.* at 4.) Scottsdale assigned Defendants William Gillis ("Gillis"), an employee of Wardlaw Claims, and Ronald Patton ("Patton"), an employee of Scottsdale, as the individual adjusters on the claim. (*Id.*)

On May 22, 2009, Gillis visited Lozano's house to inspect the damage. (*Id.*) Lozano alleges that:

> Gillis spent a mere 60 minutes conducting his inspection and did not conduct a thorough investigation of hurricane damage. Gillis' estimate failed to include all the damages to the residence, underestimated the severity of the damage, undervalued the cost of repairs to the damaged property, and underpaid [Lozano's] claims, thereby denying properly covered damages. Patton was involved in adjusting [Lozano's] claim as a claims representative assigned to handling [Lozano's] claim by Scottsdale.

(*Id.*)

On December 9, 2010, Plaintiff Lozano filed her Original Petition in the 133rd Judicial District Court of Harris County, Texas, bringing claims against Defendant Scottsdale for breach of contract, breach of the duty of good faith and fair dealing, fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code, and against Defendants Gillis and Patton for fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code. (*Id.* at 8–13.) On January 27, 2011, Defendant Scottsdale removed the case to this Court pursuant to 28 U.S.C. § 1446. (Doc. 1 at 1.) Plaintiff Lozano now moves for remand to state court. (Doc. 5.)

II.  Standard of Review

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court to the "district court of the United States for the district and division within which such action is pending . . . ." The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.

1989).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Removal statutes are construed "strictly against removal and for remand."  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941).  All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  All factual allegations are evaluated in the light most favorable to the plaintiff.  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

III.  Discussion

Plaintiff Lozano argues that the Court lacks subject matter jurisdiction because the parties are not completely diverse.  Defendant Scottsdale contends that Lozano improperly joined Defendant Gillis to defeat diversity.  The "fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (citing S*alazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)).  "[T]he burden of demonstrating fraudulent joinder is a heavy one[.]"  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

In the Fifth Circuit, there are two recognized ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. R.R. Co.*, 385 F.3d

568, 573 (5th Cir. 2005) (internal quotation omitted). Under the second test, the defendant prevails only when it establishes "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A reasonable basis for state liability requires that there be a reasonable possibility of recovery, not merely a theoretical one. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003).

When evaluating the Plaintiff's possibility of recovering against the in-state Defendants, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. The Court may also "pierce the pleadings" and "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross*, 344 F.3d at 462–63); *accord, Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003). However, the Court "must evaluate all of the factual allegations in the light most favorable to the Plaintiff, resolving all contested issues of substantive fact in favor of the Plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

The question here is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Gillis, the in-state defendant. *Smallwood*, 385 F.3d at 573. Defendants urge that Plaintiff cannot recover from Gillis because "[t]he only two facts pertaining to Gillis . . . referenced in Plaintiff's motion are that he was an adjuster on the claim and that his inspection of Plaintiff's property lasted 60 minutes." (Doc. 6 at 7.) Lozano responds that "Defendant Gillis misrepresented facts related to coverage, that he failed to attempt

in good faith to effectuate a prompt, fair, and equitable settlement of the claim even though liability under the policy was reasonably clear, that he failed within a reasonable time to affirm or deny coverage, and that he failed to conduct a reasonable investigation." (Doc. 7 at 7.) Nowhere, however, does Lozano plead any specific facts, or explain the what, where, when, and how, to support these allegations.

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Estella Lozano's Motion to Remand (Doc. 5) is **DENIED**.

The Court further **ORDERS** that Defendant William Gillis is **DISMISSED**.

SIGNED at Houston, Texas, this 25th day of July, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE